IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ARMANDO JESUS JIMENEZ,

                    Plaintiff,

          v.                              CASE NO.  16-3074-SAC-DJW

KU MEDICAL CENTER,

                    Defendant.


<u>**NOTICE AND ORDER TO SHOW CAUSE**</u>

     Plaintiff is hereby required to show good cause in writing to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.  If plaintiff fails to show good cause within the time prescribed herein, this action may be dismissed without further notice.

     Mr. Jimenez, while an inmate of the Lansing Correctional Facility in Lansing, Kansas,[1] filed this pro se civil complaint under 42 U.S.C. § 1983.  As the background for his complaint, plaintiff alleges that his father was a patient at KU Medical Center for four months, was in a coma twice, was placed on antidepressants without plaintiff's knowledge, his heart

---

[1]      Plaintiff notified the court of his transfer to the Douglas County Jail in Lawrence, Kansas.

1

stopped, and he had heart surgery in November or December 2014.[2] He further alleges that his father passed away at the Center on December 24, 2014, after being moved by nurses in a "roller coaster ride" while his blood sugar was low, his blood pressure was low and he was not feeling well.  Plaintiff claims "medical malpractice and negligence."  He seeks punitive and compensatory damages as well as appointment of counsel.

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.   28  U.S.C.  §  1915A(a)  and  (b);  28  U.S.C.  § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

The instant complaint is subject to dismissal for several reasons.  First, defendant KU Medical Center is not a "person" that is subject to suit under 42 U.S.C. § 1983.   Second,

---

[2]    The complaint is illegible at times and the allegations are sparse.

defendant is not alleged to have acted under color of state law, and none of the facts in the complaint suggest any sort of state action that violated plaintiff's federal constitutional rights. Furthermore, malpractice lawsuits generally are litigated in state court. Accordingly, the court finds that plaintiff fails to state a claim for relief in federal court under Section 1983.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given twenty-one (21) days to show good cause in writing to the Honorable Sam A. Crow, United States Senior District Judge, why plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 13th day of June, 2016.

**<u>s/David J. Waxse</u>**
**David J. Waxse**
**U.S. Magistrate Judge**

3